JUSTICE RICE
specially concurring.
¶36 I concur in the holding of the Court, but not in the entirety of the rationale.
¶37 Regarding damage, the Court holds that, although the Trust became irrevocable upon Stanley’s death in April 1992, Carolyn sustained no actual damage therefrom because she continued to transfer assets as if the Trust was revocable. Further, the Court determines that if, following Carolyn’s discovery that the Trust was irrevocable, her effort to modify the Trust by obtaining the beneficiaries’ consent had been successful, she would never have suffered any damage. See ¶ 30. The Court then concludes that Carolyn did not sustain any damages until suit was brought to remove her as Trustee in May 1996.1 disagree with these conclusions.
¶38 Upon Stanley’s death, Carolyn was subjected to an irrevocable trust (the portion of the Trust which was Stanley’s individual trust) which was contrary to the express instructions given to Watkins’ *431 counsel. At that point, Carolyn had lost the ability to manage the entirety of the Watkins’ affairs as she desired, a tangible loss. As the District Court noted: “What are the actual damages here? They’re the inability of Mrs. Watkins to legally administer the trust in the manner which she wished.” The fact that, notwithstanding the irrevocable nature of the Trust, Carolyn acted as if the Trust was revocable, did not eliminate her damages. To the contrary, these actions, taken in possible violation of the Trust, exposed her to potential liability for breach of trust or fiduciary duty, and, indeed, a petition alleging breach of her duties was later filed. Further, if the effort to modify the Trust by beneficiary consent would have been successful, that effort would have mitigated Carolyn’s damages, but would not have eliminated them altogether.
¶39 In Anderson v. Glenn (Idaho 2003), 87 P.3d 286, defendant attorney developed a trust for plaintiffs, who transferred property into the trust in 1980. In 1997, it was discovered that the trust was defective and did not accomplish the plaintiffs’ purposes. Noting that the plaintiffs had given up substantial rights of control over the property in 1980, the Supreme Court of Idaho held that damage had been sustained by the plaintiffs at that time: “Damage occurred when the trust was created and control of the property surrendered to that trust.” Anderson, 87 P.3d at 290.
¶40 I would conclude that Carolyn sustained damage in April of 1992, when Stanley died and Stanley’s trust, containing substantial assets, became irrevocable. This would be consistent with Uhler v. Doak (1994), 268 Mont. 191, 885 P.2d 1297, wherein we held that the limitation period began to run when the plaintiff-client first acted to his detriment upon his counsel’s advice-even though the plaintiff did not then realize he was acting to his detriment. However, notwithstanding this conclusion regarding damage, because I agree that knowledge of counsel’s negligence should not be imputed to Carolyn prior to her actual knowledge thereof in April of 1995, 1 concur that the three-year limitation period began to run at that time, and that the complaint filed herein on December 28,1997, was timely.